The opinion of the court was delivered by
Miller, J.
The question in this case is after parties have agreed to refer their differences to arbitration, under an agreed penalty to be paid by the party who does not submit, whether a suit can be *1481 brought to annul the award without first paying the penalty. In this case the plaintiff, who sues to annul, places his action on the grounds that the arbitrator and umpire neglected and refused to hear and consider testimony; to examine books, considered expert statements in plaintiff’s absence; refused to summon and examine his witnesses, and transcended their authority. Plaintiff insists that when the award is resisted on such grounds the penalty is not to be exacted as a prerequisite • to suit attacking the award. Defendant, on the other hand, insists it matters not what grounds are urged, the award can not be assailed without first payment of the penalty. From the judgment of the lower court, in defendant’s favor, plaintiff appeals.
There is no decision on this point-by our courts. The Arts. 3106 and 3130 of our Code providing a penalty was to enforce the policy of making the arbitration end the controversy. The language of the last article is of the clearest. If the controversy can be re-opened on the grounds stated in the petition, in most, if not all cases, the award would initiate, instead of terminating contention. The articles in ora Code take no account of the causes for refusing to abide by arbitration. Nor does Art. 2047 of the Napoleon Code. Under that article it has been a subject of discussion whether the penalty is not incurred even by a suit to correct) error of calculation. Notes to Art. 2047; Gilbert, Code Annoté. We have given careful attention to the argument on behalf of defendant; that distinguishes between a suit to annul the award, because deemed to be erroneous on the merits, and the suit to avoid it founded on causes of the character alleged in the petition. The argument concedes that in the one case payment of the penalty would be a prerequisite to the suit to annul, but affirms that such suit would not be required in the other case. Ora Code makes no such distinction. It appreciates that the disappointed party might well suppose ground when none existed. Payment of the penalty, the Code declares, should be made by the party who appeals from it, and by appeal is meant recourse to the courts. Civil Code, Art. 3130. The court can make no distinction when the law makes none.
The plaintiff refers to the difference in the phraseology of the French and English texts of Art. 3106. We think the word “ appeal” means the appropriate judicial contestation of the award, as there is no appeal as in the case of the judgment of an inferior *1482 court. The penalty is put on either party who resists the award, seems to be the reasonable conclusion.
The question is, we think, controlled by the terms of Article 3180. From the best consideration we have given it, we conclude the exception was well taken.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.
Nicholls, C. J., absent.